## STATE ex DENNISON et v BOARD OF EDUCATION OF FRANKLIN CO et

Ohio Appeals, 2nd Dist, Franklin Co

No 2380. Decided May 19, 1934

G. C. Raver, Columbus, and William H. Schweikert, for plaintiff.

Donald J. Hoskins, Prosecuting Attorney, Columbus, Eugene Carlin and Robert J. Odell, Assistant Prosecuting Attorneys, Columbus, for defendants.

## OPINION

By BARNES, J.

A petition to transfer invokes the following pertinent part of §4696, GC:

"Upon petition of 75 per cent. of the electors in the territory proposed to be transferred, the county board of education shall make such transfer."

The joint answer of the defendants admits the correctness of the names and qualification of the defendants as members of the Board of Education; also admits description of property and that it is contiguous and is attached to and forms a part of the school district as set out in the petition. Admits the filing of a certain petition for a transfer of territory. There is a denial that the petition for transfer was rejected and dismissed on July 11, as alleged, and then set out affirmatively the claimed fact that two of the original signers withdrew their names from the petition and that after such withdrawal the defendants on October 3, 1933, rejected and dismissed the petition. It was also affirmatively stated in the answer that at the time of the hearing rejection and dismissal, the petition did not contain the names of 75 per cent. of the electors in the territory described in the petition and proposed to be transferred. Then follows a general de-

nial of all other allegations in the petition, not specifically admitted.

It will be observed from a careful reading of the answer that there is not a specific admission that the petition for transfer at the time of filing contained 75 per cent. of the electors of the territory sought to be transferred. It is equally true that the affirmative averments do not expressly set out this jurisdictional fact although it may arise from inference.

Counsel for the respective parties in their able and comprehensive briefs, apparently raise no question as to the requisite number of signers at the time of filing the petition for transfer. Plaintiff's general demurrer to the answer is based upon the theory that since the petition for transfer at the time of filing contained the requisite 75 per cent of the electors of the territory, mandatorily requires such transfer, and that nothing occurring subsequent to such filing can alter this requirement; that the duty rests with the Board to act promptly, and their sole function is to determine whether or not the petition for transfer at the time of filing contained the bona fide signatures of the requisite 75 per cent. of the electors.

Counsel for defendant present the theory that signatories to the petition may withdraw their names at any time before action by the Board, and if such withdrawals reduce the number below the requisite 75 per cent., then the Board has no alternative except to dismiss the petition.

Counsel for relators in support of their theory of the case cite and comment upon the following reported cases:

**Ohio ex Beakler et v Board of Education of Clark County, 19 N.P. (N.S.), p. 88.**

**State, ex Brenner et v Board of Education of Franklin County, O., 97 Oh St, 336.**

**State ex Stipe v County Board of Education of Summit Co., 23 Oh Ap, 329 (6 Abs 486).**

Also the following citation to opinion of Attorney General, No. 1258, for the year 1927, Edward C. Turner, Attorney General.

From a composite of the above, as well as citations in brief of counsel for defendant, the principle is conclusively announced that the duty of the Board to make the transfer is mandatory where the petition contains the bona fide signatures of the requisite 75 per cent. of the electors in the territory sought to be transferred. In none of the citations contained in counsel for relators' brief is the question discussed as to the effect of withdrawal of signatures from the petition so as to reduce it below the requisite 75 per cent. This is due to

the fact that in none of the cases, nor in the Attorney General's opinion cited, was there any withdrawal of signatures, and hence this question was not germane to the discussion and determination.

The question at once arises as to whether or not the filing of the petition is self-executing to the point that no action is required by the Board of Education in making the transfer. The law is very clearly announced that a petitioner may generally withdraw his name at any time before official action. The following authorities are cited by defendant in support of this proposition:

**Dutton v Village of Hanover, 42 Oh St 215.**

**Hayes et v Jones et, 27 Oh St, 218.**

**McGonnigle v Arthur et, 27 Oh St, 251.**

**State ex Kahle v Rupert, Auditor, 99 Oh St, 17.**

**Board of Education v Board of Education, 112 Oh St, 108.**

**Neiswander v Brickner, 116 Oh St, 249.**

Also see Attorney General's opinion No. 2617, year 1928.

The instant case is to be distinguished from some of the cases cited because of the statutory law involved. For instance, where there was a statutory authority giving the controlling broad power to act with provision that within a fixed period a remonstrance should be filed by a majority of electors, thereby vacating the order, it would necessarily follow that no withdrawal of names could be made after the expiration of the dead line fixed by statute. In these instances the original order was self-executing unless vetoed by the requisite electors within the time prescribed. Up to the expiration of the dead line names could be withdrawn from the remonstrance and the authorities so held. In the instant case, it can not be said that the petition for transfer of territory is self-executing. It requires action of the Board as is clearly stated in the authorization for transfer as contained in §4696, GC. Furthermore, if self-executing, this action in mandamus would not be brought. That mandamus is necessary is recognized by the fact that such has been the remedy invoked in innumerable cited cases. We think the case of **State ex Kahle v Rupert, Auditor, 99 Oh St, 17,** is determinative of the question involved in the instant case. While this cited case does not involve transfer of territory, it does however discuss and determine the rights and remedies of initiative and referendum petitioners invoking a mandatory duty upon a clerk or city auditor to certify a petition to the Board of

Deputy Supervisors of Election, and wherein there was possible delay for more than a reasonable time and during such delay names were withdrawn from petition so that there did not remain the requisite number of signers. As we view it, the cited case and instant case are identical in principle. The decision was a per curiam, and contains no syllabus. We quote the following excerpts from such opinion:

On pages 18 and 19:

"In the absence of statutory provision to the contrary an elector signing a petition authorized by the statutes of this state invoking either official or judicial action has a right to withdraw his name from such petition or if he be the sole petitioner to dismiss the same at any time before judgment has been pronounced, or before official action has been taken thereon."

In the case cited, the referendum petition was filed under the provisions of §4227-2, GC, and therein it is provided that the clerk or city auditor shall not certify such petition to the Board of Deputy Supervisors until after the expiration of ten days from the date of filing. In the instant case there is no statutory tolling provision and hence the courts have determined that it is the duty of board of education to act within a reasonable time. In the reported case to which we referred the Supreme Court says that it was the duty of the clerk or city auditor to act within a reasonable time after the expiration of the ten days.

"While the statute does not in terms provide how soon after the expiration of ten days the clerk or city auditor must certify the same to the Board of Deputy Board of Supervisors of Election, nevertheless such officer must perform this duty within a reasonable time thereafter."

In the reported case as well as in the instant case, the query arises as what is the effect and what the remedy if action is not taken within a reasonable time. This query is answered in the following paragraph:

"Upon his failure to certify within a reasonable time after the expiration of ten days, mandamus will lie to compel him to perform his duty under the statute. He cannot arbitrarily withhold certifying such petition to the Board of Deputy Supervisors of Election for the purpose of permitting the withdrawal of further signatures."

A second query would naturally arise as to what would be the effect if there was an arbitrary withholding of action for the purpose of permitting the withdrawal of signatures, and again the Supreme Court answers this, commencing at the top of page 19:

"But until official action is taken by him or an action in mandamus is brought, any person signing the petition has the right to withdraw his name therefrom."

We quote from the last paragraph in the opinion, which might seem to be in conflict:

"In such proceeding the question of the sufficiency of the referendum petition will be determined as of the date of the commencement of the action."

This paragraph, is properly construed to refer to any and all infirmities that might arise under the provision of §4227-2 GC. The withdrawal of any names will of necessity refer back to the original petition.

The Attorney General of Ohio, Hon. Edward C. Turner, in opinion 2002, page 966, Attorney General's Opinions, in Volume 2, 1928, had under consideration the identical question raised in the instant case. His answer to the question submitted by the Prosecuting Attorney of Fremont County, was that petitioners under §4696, GC, may withdraw their names from such petition any time before official action is taken thereon. Counsel for relators claim that the direct question involved in the instant case was under consideration by the Supreme Court in the case of State ex Brenner et, v County Board of Education of Franklin County, 97 Oh St, 336.

The case cited was an original action in mandamus brought in the Supreme Court of Ohio, and was decided by sustaining the demurrer to the answer of the defendant school board. Apparently the plaintiffs' cause of action was identical with the instant case.

The report does not contain a statement of facts nor is there presented either copy or substance of answer.

Counsel for relators has favored us with excerpts from the answer as he obtained same from the files with the clerk of the Ohio Supreme Court. We have also examined this file. The answer does not contain a direct averment that the requisite 75 per cent. was reduced by withdrawal of signatures. However, it is in the answer if the court desires to make a calculation. The answer says that there were 21 elect-

ors in the territory sought to be transferred, and originally 16 had signed; that one (giving name of the one) withdrew signature the day after filing. Nowhere in the answer is it asserted any more directly than this that the withdrawal of one name reduced the number below the requisite 75 per cent.

As far as we have been able to find, no briefs were filed; and hence we cannot be advised as to the questions directly urged to the court. We find nothing else in the file to indicate that the court had under consideration the question of the effect of the withdrawal of a signature.

It is our conclusion that the demurrer to the joint answer of the defendants should be overruled. Exceptions will be allowed to the relators. If desired to file reply, relators may do so within ten days after entry. If relators do not desire to plead further final judgment may be entered upon the pleadings.

HORNBECK, PJ, concurs.